## WOULFE v. D'ANTONI.

### In re WOULFE et al.
### No. 14987.

Court of Appeal of Louisiana. Orleans.
Jan. 24, 1935.

Maurice R. Woulfe and Richard A. Dowling, both of New Orleans, in pro. per.

PER CURIAM.

In this rule, instituted by the judges of this court against the defendants, Mr. Maurice R. Woulfe and Mr. Richard A. Dowling, attorneys for plaintiff, the said defendants were cited to appear on January 22d at 10:30 a. m. to show cause why they and each of them should not be adjudged to be in contempt of court and should not be punished accordingly. In the above-numbered and entitled cause, decree having been rendered in favor of defendant, there was filed in this court an application for rehearing which bore the names of the two defendants in rule as attorneys for the applicant for rehearing. In that application appears the following:

"That this Court committed further error in holding that the notice to Ike McCraney, defendant's servant who had charge of said dog, of the vicious attack upon Mrs. Harry Thomas' child, Donald, some time in August, 1932, by Mrs. Thomas, before the final attack upon plaintiff and appellee, by said dog, did not constitute notice to the defendant of the viciousness of said dog and the deliberate misquoting of the evidence of Mrs. Thomas, in this Court's opinion, is beyond our comprehension and understanding and contrary not only to the authorities above quoted but of every known authority of law in this civilized world. * * *

"That this Court erred in holding that this case came under the ruling in the case of Peyronnin v. Riley, 15 La. App. 393 [132 So. 235], decided by this Court, as in the Riley Case, there was no evidence of viciousness on the part of the dog in question, whereas no matter how much the present opinion in this case deliberately misquoted the evidence herein, the record abounds in savage attacks upon at least five persons by defendant's dog, prior to the attack upon plaintiff and appellee, including the attack upon defendant's gardener, Henry Humphrey, which was an unwarranted attack and not caused in the manner as the opinion tries to excuse, 'by slapping at said dog.' * * *

"How this Court misconstrued and misinterpreted these plain truths and evidence is beyond the comprehension of any one, and shows a systematic and false summing up and weighing of the evidence in order to reach a like wrongful conclusion, in order to bring this case under the ruling in the Peyronnin v. Riley Case, which if good law (and we sincerely doubt it) has no application to the present case either in law or in fact as a mere student in law could without any doubt see.

"It is further submitted that Courts have their standing and exist solely and purely through the confidence of the people in the correctness and rightfulness of their decisions, and that a decision such as the one in this case cannot be left to stand, if that confidence and respect is to remain and such a flagrant miscarriage of justice stand."

To this rule to show cause defendant Richard A. Dowling appeared and stated that, though his name was attached to the application as one of the attorneys for the applicant, he had not affixed his signature thereto, but that because of his illness his name had been signed by Mr. Woulfe, and that, though he, the said Dowling, had authorized Mr. Woulfe to sign his name, he had read only the preliminary draft of the application, and that the statements found above did not appear therein, and that he was not aware

that they were contained in the document as finally executed.

Mr. Dowling expressed great regret at the statements which appeared in the application, and tendered to the court his apologies.

Mr. Woulfe filed a motion in which he suggested that the rule for contempt is vague and indefinite and in which he charged that he could not ascertain from the rule which statements in the said application are contemptuous, offensive, and defamatory. This motion for a bill of particulars was overruled. Thereupon the said Woulfe filed a return to the rule for contempt, in which he stated that the said Dowling was not aware of the contents of the document, and had not himself affixed his name thereto. In the said return the said Woulfe further stated that he disclaimed any intentional disrespect or contempt of this court, and that he wished "at this time to make it plain that such was not his intention, but that the language was used to set out, as he considered in a legal way, the errors existing in the judgment of this honorable court." Thereupon the court took the matter under advisement.

The statements contained in the said application for rehearing speak for themselves. They are plainly defamatory, and we see no necessity of apprising the author thereof of the special particulars in which they are objectionable. They charge the court with attempting to reach an improper conclusion arrived at, not as the result of a reading of the record, but as the result of the desires of the members of this court. The statements are so manifestly improper and contemptuous that they merit no further comment or explanation. Counsel, in the heat of argument, or in his enthusiasm for his client's cause, may charge the court with error, or he may, in extravagant language, suggest that the court is ignorant, but he may not charge the court with intentionally and deliberately misconstruing a record or determining in advance to reach a desired conclusion.

That an attorney may and should be punished for contempt for statements made by him in an application for rehearing, or in a brief in support thereof, is well settled. C. P. art. 486; State v. Pierre Soule, 8 Rob. 500; State v. Grailhe, 1 La. Ann. 183; State v. Keene, 11 La. 596.

The sentence and judgment of the court is that defendant Richard A. Dowling be exonerated and be deemed purged of the apparent contempt of this court, and that defendant Maurice R. Woulfe be imprisoned for 24 hours in the parish prison in the parish of Orleans, and that he be condemned to pay a fine of $100 and the costs of this proceeding, and that he stand committed until the fine and costs are paid.